## Case No. 7,482.

### JONES v. MILLER.

[17 N. B. R. 316; [1] 1 N. J. Law J. 113.]

Circuit Court, D. New Jersey. 1877.

J. Whitehead and T. N. McCarter, for plaintiff in error.

C. Borcherling and A. Q. Keasbey, for defendant in error.

McKENNAN, Circuit Judge. The plaintiff in error was sued in the court below, in trover, by the defendant in error, as assignee of Kauffman & Houck, bankrupts, to recover the value of certain goods of the bankrupts, alleged to have been wrongfully converted to his use. He was the holder of a chattel mortgage executed in December, 1871, by the bankrupts, upon their personal property, consisting chiefly of lager-beer, malt, hops and coal. In August, 1874, he took possession of this mortgaged property and appropriated it to his own use. Several months after this, proceedings in bankruptcy were commenced against the mortgagors, which resulted in an adjudication against them, and an assignment of all their property, etc., to the defendant in error. This action of trover was then brought by the assignee, and, at the trial, the only evidence of conversion was proof of the possession of the mortgaged chattels taken and appropriated to his own use by the defendant in August, 1874. The plaintiff in error thereupon asked the court to instruct the jury, "that the assignee could not recover in this form of action, for any property which was not in actual existence at the time his title accrued." This request the court refused, and instructed the jury that, "if they believed the mortgage was given to hinder, delay and defraud the creditors of the mortgagors, it conveyed no title to the mortgagee, and that by the express provisions of section 5046 of the Revised Statutes of the United States, the title and right of possession of the mortgaged chattels vested at once in the assignee by virtue of the deed of the register or district judge, and that an action in trover is the usual and proper remedy to recover the value of the goods thus wrongfully converted by the defendant to his own use."

---

[1] [Reprinted from 17 N. B. R. 316, by permission.]

To entitle a plaintiff to maintain an action of trover it is essential that he should be invested, at the time of the conversion, with a complete property, either general or special, in the chattels sued for, and with the actual possession or a right to the immediate possession of them. So well settled is this principle, that Mr. Justice Strong, in Overton v. Williston, 7 Casey (31 Pa. St.) 155, says of it: "Now, if there be any principle beyond dispute, it is that, in an action of trover, the plaintiff must have had a right to the possession of the goods at the time of the conversion." And it is equally true that goods wrongfully transferred and delivered must be regarded as converted as of the date of their delivery, and that the mere adverse and continued enjoyment of them will not give a right of action in trover against the tort feasor to third persons afterwards acquiring a lawful title to them. Overton v. Williston, supra; Garland v. Carlisle, 4 Clark & F. 693. At common law, then, it is clear that the plaintiff below could not maintain trover, for the obvious reason that, at the time of the conversion proved he had no title whatever to the property converted, so that there could be no such invasion of his right of possession to it as an action in this form would be appropriate to redress.

It is argued, however, that the bankrupt law [of 1867 (14 Stat. 517)] so defines the interest of the assignee in the property upon which the assignment operates, as to render an action of trover a proper remedy in a case like this, and upon this hypothesis the instruction complained of seemed to be founded. This is claimed to be the effect of the 14th section of that act (Rev. St. § 5046). That section enacts that: "All property conveyed by the bankrupt in fraud of his creditors; all rights in equity, choses in action, patent rights and copyrights, all debts due him or any person for his use, and all liens and securities therefor, and all his rights of action for property or estate, real or personal, and for any cause of action which he had against any person arising from contract or from the unlawful taking or detention, or injury to the property of the bankrupts, and all his rights of redeeming such property or estate; together with the like right, title, power, and authority to sell, manage, dispose of, sue for, recover or defend the same, as the bankrupt might have had if no assignment had been made, shall, in virtue of the adjudication of bankruptcy and the appointment of his assignee, but subject to the exceptions stated in the preceding section, be at once vested in such assignee."

This section invests the assignee with a double character. All the property of the bankrupt, in possession or in action, and all property fraudulently conveyed by him, are vested in the assignee; and for either of these classes of property he may maintain a suit in his own name. As the successor of the bankrupt, he has all the bankrupt's rights per-

taining to the property which belonged to him at the date of the bankruptcy proceedings; as the representative of the creditors he has all their rights. which the bankrupt could not assert, touching any property of which the bankrupt has fraudulently dispossessed himself. Whatever title the bankrupt had, or his creditors might acquire, to any species of property which ought to be applied to the payment of the bankrupt's debts, the assignee is invested with. This is the whole scope and purport of the section. But it does not provide any special remedy or indicate any method by which the rights of property vested in him may be enforced. By necessary implication, he may employ any remedy, within the whole range of legal or equitable procedure, which may be appropriately invoked to give effect to such rights; but he is not authorized to adopt an incongruous one. Unless, therefore, the form of action resorted to is, in its general nature, adapted to the plaintiff's complaint. its exceptional employment is not warranted by the statute. Now it is plain that. at common law, the assignee could not maintain this action in virtue of any right derived from the bankrupts, because they had voluntarily transferred their property in the mortgaged chattels, and had conclusively assented to the conversion of them. Nor could he, as the representative of creditors, because his own right of possession accrued only at the date of the bankruptcy proceedings, and a creditor could not acquire any title to the mortgaged chattels, by means of which their value could be recovered in an action of trover, resting upon a conversion before he had acquired legal ownership of them. In neither of the rights, then, with which the assignee was invested, and in no aspect of the case, as it was presented in the evidence, could he recover, in this form of action, and the defendant below was entitled to an instruction to the jury to that effect. The judgment is reversed, and a new trial awarded.